UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-37 |
| | ) | |
| MICHAEL COPPLER, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on May 19, 2010, for a scheduled pretrial conference. Assistant United States Attorney Alexandra Hui appeared on behalf of the Government. Attorney Joel R. Smith appeared with the Defendant Michael Coppler, seeking to be substituted as counsel of record and a continuance of the June 2, 2010 trial date.

At the hearing, the Defendant stated that his parents retained Attorney Smith and Attorney Kent Wicker to represent him in this matter. He stated that he would like them to be substituted for court-appointed counsel, Brian Hunt. He understood that a substitution of counsel at this point in the case would require a continuance of the trial date to permit his new attorneys time to prepare for his trial. He did not object to Mr. Smith's Motion to Continue Trial Date [Doc. 10], filed May 3, 2010.

1

Attorney Smith confirmed that he and Mr. Wicker had been retained to represent the Defendant through the remainder of this case. He stated that they were preparing motions to appear *pro hac vice*, which would be filed expeditiously. He stated that he had received the discovery in this case from Mr. Hunt. Mr. Smith informed the Court that he and Mr. Wicker had been involved in a trial in early May that prevented them from preparing for a June trial in this case. He requested that the Court continue the trial and set a new motion-filing deadline because the Defendant wished to file and litigate a suppression motion. The Government had no objection to the substitution of counsel, the requested trial continuance, or the resetting of the deadlines in this case. The parties agreed on a new trial date of November 2, 2010.

The Court finds Defendant Coppler's motion [Doc. 10] to continue the June 2, 2010 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Defendant's new counsel have only recently sought to be substituted for prior counsel. At the time that they were retained in this case, they were involved in the trial of another matter and could not prepare for the instant trial. Accordingly, a continuance of the June 2 trial date is necessary to preserve the continuity of counsel. 18 U.S.C. § 3161(h)(7)(B)(iv). Additionally, new defense counsel need time to investigate the case and to prepare a suppression motion and any other pretrial motions. See 18 U.S.C. § 3161(h)(1)(D). Once any pretrial motions are filed, the Court will need time to hold a hearing on the motions and time, not to exceed thirty days, to prepare rulings or reports and recommendation on the motions. See 18 U.S.C. § 3161(h)(1)(H). Following the filing of a report and recommendation, the parties will need time to file any objections, and the District Court will need time to rule upon any

dispositive motion in light of the report and any objections. Finally, the parties will need time to prepare for trial in light of the ruling on the dispositive issues. The Court finds that all of this could not take place before the June 2, 2010 trial date, or in less than six months. Thus, without a continuance, counsel for Defendant would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's motion to continue [**Doc. 10**] his trial is **GRANTED**, and the trial of this matter is reset to **November 2, 2010**. The Court also finds, and the parties agree, that all the time between the filing of the Defendant's motion on May 3, 2010, and the new trial date of November 2, 2010, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to additional scheduling, the new deadline for filing any pretrial motions is **June 21, 2010**. Responses are due on or before **July 8, 2010**. The Court set a motion hearing and pretrial conference on **July 19, 2010, at 9:30 a.m.** All pretrial motions will be heard at this time. The plea negotiation deadline is **October 19, 2010**. The Court instructs the parties that all motions *in limine* must be filed no later than **October 18, 2010**. Special requests for jury instructions shall be submitted to the District Court no later than **October 22, 2010**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue Trial Date [**Doc. 10**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **November 2, 2010**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the filing of the Defendant's motion on **May**

3

**3, 2010**, and the new trial date of **November 2, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Any pretrial motions must be filed by **June 21, 2010**;

(5) Responses are due on or before **July 8, 2010**;

(6) The parties are to appear before the undersigned for a pretrial conference and motion hearing on **July 19, 2010, at 9:30 a.m.**;

(7) The deadline for plea negotiations is **October 19, 2010**;

(8) Motions *in limine* must be filed no later than **October 18, 2010**; and

(9) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **October 22, 2010**.

**IT IS SO ORDERED.**

ENTER:


   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge